JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 28 1988

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 787

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER NEAR WARSAW, POLAND, ON MAY 9, 1987

TRANSFER ORDER

   This litigation presently consists of twelve actions pending in two federal districts: eleven actions in the Eastern District of New York and one action in the Eastern District of Michigan.[1/] Before the Panel is a motion by Polskie Linie Lotnicze (LOT), a defendant in each action, to centralize these actions, pursuant to 28 U.S.C. §1407, in the Eastern District of New York for coordinated or consolidated pretrial proceedings. Plaintiffs in ten New York actions support the motion. Plaintiffs in the Michigan action oppose Section 1407 transfer; alternatively, they suggest the Michigan forum as transferee district.

   On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Eastern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions arise from the May 9, 1987 crash of an Ilyushin 62M aircraft shortly after takeoff from Warsaw, Poland enroute to Kennedy International Airport in New York in which 183 persons died. The aircraft was manufactured by the Union of Soviet Socialist Republics through its Ministry of Civil Aviation. The factual questions shared among the actions concern the cause or causes of the accident. Transfer under Section 1407 is desirable in order to avoid duplicative discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

---

[1/]  The motion before the Panel as originally filed included eleven actions. On October 25, 1988, movant notified the Panel that an additional potentially related action had been filed in the Eastern District of New York. All parties to this action -- Genevieve Widerynski, etc. v. LOT Polish Airlines, et al., E.D. New York, C.A. No. CV-88-1260 -- have stated in writing their respective positions on the motion and presented oral argument at the Panel's November 17th hearing. Thus, that action is also properly before us. Any other related actions that come to the Panel's attention will be treated as potential tag-along actions. See Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258-59 (1988).

-2-

Although neither forum suggested by the parties as potential transferee district could be characterized as the nexus of this litigation involving a foreign air disaster, on balance, we are persuaded that the Eastern District of New York is the appropriate transferee district. We note that 1) LOT's North American headquarters is located in New York City; 2) although all LOT's records and documents relating to the crash are in Poland, these records, documents and witnesses can readily be transported on LOT flights to the New York forum; and 3) the New York forum is relatively more convenient for many plaintiffs who are residents and citizens of Poland or who reside in or near the New York district. Moreover, the concern for holding down costs, expressed by counsel for plaintiffs in the Michigan action, could be alleviated by all plaintiffs' counsel prudent use of lead and liaison counsel. See Manual for Complex Litigation, Second, §§20.22 and 33.22 (1985).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Eastern District of Michigan be, and the same hereby is, transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Eugene H. Nickerson for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

<u>MDL-787 -- In re Air Crash Disaster Near Warsaw, Poland, on May 9, 1987</u>

<u>Eastern District of Michigan</u>

<u>Irena Wojciechowski, et al. v. Polskie Linie Lotnicze, et al.</u>, C.A. No. 88-CV-73388 DT

<u>Eastern District of New York</u>

<u>Leona Olshevsky, etc. v. LOT Polish Airlines, et al.</u>, C.A. No. CV-87-3654 (EHN)
<u>Jan Starczyk, et al. v. Polskie Linie Lotnicze</u>, C.A. No. CV-88-1035 (EHN)
<u>Albina Kiela, etc. v. LOT Polish Airlines, et al.</u>, C.A. No. CV-88-1190 (EHN)
<u>Annette Lois Czechowski, etc. v. LOT Polish Airlines, et al.</u>, C.A. No. CV-88-1189 (EHN)
<u>Zofia Krukierek, etc. v. LOT Polish Airlines, et al.</u>, C.A. No. CV-88-1196 (EHN)
<u>Andrew M. Dalski, etc. v. LOT Polish Airlines, et al.</u>, C.A. No. CV-88-0115 (EHN)
<u>Jan Elbert, etc. v. LOT Polish Airlines, et al.</u>, C.A. No. CV-87-3959 (EHN)
<u>Danuta Imiolek Filus, et al. v. LOT Polish Airlines, et al.</u>, C.A. No. CV-87-4252 (EHN)
<u>Stefania Pogorzelska, etc. v. LOT Polish Airlines, et al.</u>, C.A. No. CV-88-0678 (EHN)
<u>Isaac Kirsch, etc. v. LOT Polish Airlines, et al.</u>, C.A. No. CV-87-3957 (EHN)
<u>Genevieve Widerynski, etc. v. LOT Polish Airlines, et al.</u>, C.A. No. CV-88-1260

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC 21 1988

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 787

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER NEAR WARSAW, POLAND, ON MAY 9, 1987

CORRECTION ORDER

IT IS ORDERED that the second paragraph of the transfer order filed on November 28, 1988 in this litigation be, and the same hereby is, CORRECTED to read as follows:

> On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Eastern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions arise from the May 9, 1987 crash of an Ilyushin 62M aircraft shortly after takeoff from Warsaw, Poland enroute to Kennedy International Airport in New York in which 183 persons died. The aircraft was allegedly manufactured by the Union of Soviet Socialist Republics through its Ministry of Civil Aviation. The factual questions shared among the actions concern the cause or causes of the accident. Transfer under Section 1407 is desirable in order to avoid duplicative discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

FOR THE PANEL:

Andrew A. Caffrey
Chairman